# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CONSECO LIFE INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                                                **Case No: 6:13-cv-161-Orl-31GJK**

**VICTORIA A. MURPHY-MORENO, JEFFREY R. EMERY, RICHARD R. EMERY,**

    **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Summary Judgment (Doc. 29) filed by Defendants/Counter-Plaintiffs Jeffrey R. Emery and Richard R. Emery (the "Emerys").

Conseco Life Insurance Company initiated this interpleader action on January 30, 2013, to settle a dispute regarding the proceeds of a life insurance policy in the name of David L. Moreno in the amount of $100,267.12. Moreno passed away on May 21, 2012. Although his wife was the primary beneficiary, she passed away several years earlier. Under the express terms of the policy, the proceeds were then payable to the Emerys as secondary beneficiaries. They filed formal claims for disbursement in December 2012, but Victoria A. Murphy-Moreno, another Defendant in this action, claimed an interest in the proceeds. Since Conseco claims no interest in the proceeds of the policy, it filed the instant action, deposited the proceeds with the Court, and was thereafter discharged from the case. The Emerys cross-claimed against Murphy-Moreno (Doc. 10), who was served with the Complaint and Cross-claim (Docs. 14 and 17), but failed to respond and was

therefore defaulted on May 29, 2013. (Doc. 25). Currently the Emerys are the only parties that still remain in the action. They now move for summary judgment.

It is well-settled that district courts have broad and significant powers in an interpleader action. *N. Am. Co. for Life & Health Ins. v. Dye*, 3:11-CV-1234-J-34MCR, 2012 WL 4760907 (M.D. Fla. Aug. 24, 2012) *report and recommendation adopted,* 3:11-CV-1234-J-34MCR, 2012 WL 4760886 (M.D. Fla. Oct. 5, 2012); *Wachovia Bank, N.A. v. Tien,* 534 F.Supp.2d 1267, 1285 (S.D. Fla. 2007). Interpleader is designed to protect neutral stakeholders from harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim, among many, has merit. *Podhurst Orseck, P.A. v. Servicios Legales De Mesoamerica S. De R.L.,* 699 F.Supp.2d 1344, 1349 (S.D. Fla. 2010) (citations omitted). The purpose of an interpleader action is to "allow the competing claimants to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve the rights of any claimant to the fund ..." *Id.* The federal interpleader statute "is remedial and to be liberally construed." *State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523, 533, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (U.S. 1967).

Interpleader actions are normally concluded in two stages. In the first, a court determines whether the requirements of the federal interpleader statute are met. 28 U.S.C. § 1335. In the second stage, adverse claims of defendant claimants are adjudicated. *New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983). In this case, the Court has already concluded that first stage and the Emerys are the only remaining parties in the action that claim an interest in the interpleaded funds—Victoria A. Murphy-Moreno defaulted on May 29, 2013. "The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted."

*Bank of Am., N.A. v. Morgan Stanley & Co. Inc.*, 10 CIV. 6322 RJH, 2011 WL 2581765 (S.D.N.Y. June 24, 2011) (quoting *Gen. Accident Group v. Gagliardi,* 593 F.Supp. 1080, 1089 (D. Conn. 1984)); *see also Life Ins. Co. of N. Am. v. Hale*, No. 08–cv–02551–RPM–KMT, 2009 WL 2843270, at *2–3 (D. Colo. Aug. 31, 2009) and *Nationwide Mut. Fire Ins. Co. v. Eason,* 736 F.2d 130, 133 n. 4 (4th Cir. 1984) ("[I]f all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund."). Since the only other interested party has defaulted, the Court will grant summary judgment in favor of the Emerys. It is therefore,

**ORDERED** that Defendants Motion (Doc. 29) is **GRANTED**. The Clerk is directed to enter judgment in favor of the Emerys with respect to the interpleaded funds in the amount of $100,267.12, to disperse said funds to Defendants Jeffrey R. Emery and Richard R. Emery, and to thereafter close the case.

**DONE** and **ORDERED** in Orlando, Florida on July 2, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties